UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| BARRY ALLAN BAUSMAN, | Case No. CV 13-03094-SH |
| Petitioner, | MEMORANDUM DECISION |
| v. | |
| RALPH DIAZ, Warden, | |
| Respondent. | |

## I. PROCEEDINGS

Petitioner, a prisoner in the custody of the California Department of Corrections and Rehabilitation, challenges his 1993 convictions and sentence in the Superior Court of California, Ventura County (Case No. CR 30420).

On May 2, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner solely alleges that he received ineffective assistance of counsel based on his trial counsel's failure to disclose a plea bargain offered

1

by the prosecution before trial. (Petition at 5, Attachment at 20-63).

Respondent filed an Initial Answer to the Petition on May 28, 2013. Respondent filed a Return to the Petition ("Return") on June 27, 2013. In the Return, respondent contended that the Petition should be dismissed on the grounds that it is barred by the one-year statute of limitations. (See Return at 3-5). Respondent alternatively contended that the sole claim alleged in the Petition was procedurally defaulted. (See Return at 4-5).[1]

After receiving an extension of time, petitioner filed a Reply to the Return on May 20, 2013.

Thus, this matter now is ready for decision.

## II. PROCEDURAL HISTORY

On April 8, 1993, a Ventura County Superior Court jury found petitioner guilty of two counts of forcible rape, one count of sodomy by use of force, four counts of forcible oral copulation, and three counts of rape by a foreign object, and one count of false imprisonment by violence. In addition the jury found true the special allegations that in the commission of the offenses petitioner used a firearm and deadly weapon. (See Clerk's Transcript ["CT"] 122-35; 5 Reporter's Transcript ["RT"] 1161-66). On May 6, 1993, the trial court sentenced petitioner to state prison for a total of seventy years. (See CT 136-395 RT 1200-08).

Petitioner appealed his convictions and sentence to the California Court of Appeal. (See respondent's Notice of Lodging of Documents ["Lodgment"] Nos. 3 and 5). Petitioner also filed a petition for writ of habeas corpus with the California Court of Appeal. (See Lodgment No. 6). In an unpublished Opinion issued on December 22, 1994, the California Court of Appeal affirmed the Judgment. (See Lodgment No. 7). On the same date, the California Court of Appeal summarily denied the habeas petition

---

[1] The Court's determination that the Petition is time barred renders it unnecessary for the Court to address respondent's procedural default contention.

without citation of authority.  (See Lodgment No. 8).

Petitioner filed a Petition for Review with the California Supreme Court.  (See Lodgment No. 9).  On March 22, 1995, the California Supreme Court summarily denied the Petition for Review without citation of authority.  (See Lodgment Nos. 10 and 11).

Petitioner subsequently filed a petition for writ of habeas corpus herein (Case No. CV 95-04234-JSL (SH)).  On January 31, 1996, that habeas petition was dismissed without prejudice.

Petitioner then filed habeas petitions with the Ventura County Superior Court (see Petition, Exhibit AC1 [noting a second Superior Court habeas petition filed on August 16, 2007), the California Court of Appeal (see Lodgment No. 12 [filed February 29, 2008]), and the California Supreme Court (see Lodgment No. 14 [filed April 23, 2008]), which were respectively denied on October 10, 2007, March 12, 2008 and October 1, 2008.  (See Petition, Exhibit AC1; Lodgment Nos. 13 and 15).

On September 25, 2012, petitioner filed a habeas petition with the Ventura County Superior Court, solely alleging the same claim as the claim alleged in the Petition herein.  (See Lodgment No. 16).[2]  On October 17, 2012, the Ventura County Superior Court denied that habeas petition.  The Court stated, in pertinent part, that: "The Petitioner has failed to justify the significant delay in seeking habeas relief on this issue.  See In re Clark (1993) 5 Cal. 4th 750, 756.  The court finds that these new and additional grounds having been known (factually) to the Petitioner since the Spring of 1993 despite his claiming not to have known any potential legal significance to those facts could have

---

[2]  For purposes of the statute of limitations, pursuant to the "mailbox" rule, this Court utilizes the date on which petitioner, appearing in pro per, provided prison authorities with the document as the filing date.  See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001); Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001).
   For purposes of its analysis, the Court will utilize as the filing date the date on the proof of service attached to that habeas petition.  The Court's utilization of the date on which petitioner originally turned over that habeas petition to prison authorities for mailing -- September 12, 2012 (see Petition at 28-29, Exhibits T, X1 [September 17, 2012 letter from the Superior Court stating that petitioner's habeas petition was returned for failure to serve the proper party], and X2) -- would have no effect on its analysis.

raised on appeal." (See Petition, Exhibit AC1-3).

On November 14, 2012, petitioner filed a habeas petition with the California Court of Appeal, wherein he solely alleged the same claim as the claim alleged in the Petition herein. (See Lodgment No. 17).[3] On December 5, 2012, the California Court of Appeal summarily denied that habeas petition without citation of authority. (See Lodgment No. 18).

On December 12, 2012, petitioner filed a habeas petition with the California Supreme Court, solely alleging the same claims as the claims alleged in the Petition herein. (See Lodgment No. 19).[4] On April 17, 2013, the California Supreme Court summarily denied that habeas petition without citation of authority. (See Lodgment No. 20).

The instant Petition was signed on April 25, 2013, lodged in this Court on April 29, 2013, and filed in this Court on May 2, 2013.[5]

## A.  ABSENT GROUNDS TO EITHER DELAY THE RUNNING OF OR EQUITABLY TOLL THE STATUTE OF LIMITATIONS, THE PETITION IS UNTIMELY.

Federal habeas corpus relief is governed by statute and codified in Title 28, United States Code at Sections 2241-2255. In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,"

---

[3] There is no proof of service attached to that habeas petition. For purposes of its analysis, the Court will utilize as the filing date the date on which petitioner signed that habeas petition.

[4] For purposes of its analysis, tthe Court will utilize as the filing date the date on the proof of service attached to that habeas petition.

[5] "Under the 'prison mailbox rule' of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).
Since the proof of service is dated April 25, 2013, the Court will utilize as the filing date April 25, 2013.

Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. Williams v. Taylor, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d389 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.[6]

A state prisoner with a conviction finalized before April 24, 1996, such as petitioner, must have sought federal habeas relief by April 24, 1997. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc). Absent statutory or equitable tolling, petitioner had until April 24, 1997 to timely seek federal habeas relief.

Petitioner is not entitled to any statutory tolling during the pendency of his first federal habeas petition (from June 26, 1995 to January 31, 1996). See Duncan v Walker, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").

---

[6] 28 U.S.C. § 2244(d)(1)-(2) provides as follows:
"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

1   Petitioner filed his post-Petition for Review habeas petitions with the Ventura
2   County Superior Court, the California Court of Appeal and the California Supreme Court
3   after the one-year statute of limitations expired.  (See Petition, Exhibit AC1; Lodgment
4   Nos. 12, 14, 16, 17 and 19).  Thus, those habeas petitions did not statutorily toll the
5   limitations period.  See 28 U.S.C. § 2244(d)(2); Ferguson v. Palmateer, 321 F.3d 820,
6   823 (9th Cir.) (28 U.S.C. § 2244(d) "does not permit the reinitiation of the limitations
7   period that has ended before the state petition as filed."), cert. denied, 540 U.S. 924
8   (2003).

9   Petitioner did not file the instant Petition until April 25, 2013, more than sixteen
10  years after the statute of limitations expired.  Therefore, the Petition is untimely absent
11  grounds for statutory and/or equitable tolling.

### B. PETITIONER HAS NOT ALLEGED GROUNDS FOR EITHER DELAYING OR EQUITABLY TOLLING THE STATUTE OF LIMITATIONS.

16  Under 28 U.S.C. § 2244(d), the statute of limitations begins to run the later of four
17  possible dates.  28 U.S.C. § 2244(d)(1)(A)-(D).

18  Petitioner contends that he did not know that his constitutional rights had been
19  denied until January 16, 2012, the date he "opened up Mr. Brinkley's copy of THE
20  PRISONER'S GUIDE TO SURVIVAL and saw 'failure to disclose a plea offer to the
21  defendant' listed under 'Ineffective Assistance of Counsel."  According to petitioner,
22  until that date, he had believed that "there was no claim to be raised in that regard based
23  on his appellate counsel's unqualified statement that [trial counsel's] failure to
24  communicate the prosecution's plea bargain offer to him was an unappealable issue."
25  Petitioner is claiming that the statute of limitations did not begin to run until January 16,
26  2012, "the date on which the factual predicate of the claim or claims presented could
27  have been discovered through the exercise of due diligence" within the meaning of 28
28  U.S.C. § 2244(d)(1)(D).  (See Petition at 41-43, 60-63; Reply at 2-5).

However, as found by the Ventura County Supreme Court (see Petition, Exhibit AC2-3), and as admitted by petitioner (see Petition at 21), the factual predicate of the sole claim alleged in the Petition was known to petitioner in 1993. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)(stating that the statute of limitations begins to run when the prisoner knows, or through diligence could discover, the important facts, not when the prisoner recognizes their legal significance). Consequently, contrary to petitioner's assertion, the statute of limitations began to run on April 24, 1996.

The Ninth Circuit has recognized the availability of equitable tolling to the one-year statute of limitations in situations where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, supra, 128 F.3d at 1289 (9th Cir. 1997) (emphasis added)(citations omitted). The words "extraordinary" and "impossible" suggest the limited availability of this doctrine. To date, the Ninth Circuit has found very few circumstances which warrant equitable tolling.[7] The lack of

---

[7] See e.g., Bills v. Clark, 628 F.3d 1092, 1099-1101 (9th Cir. 2010)(equitable tolling may be warranted where "mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence"); Harris v. Carter, 515 F.3d 1051, 1054-57 (9th Cir. 2008)(petitioner entitled to equitable tolling because he relied on the Ninth Circuit's legally erroneous holding in determining when to file a federal habeas petition); Jefferson v. Budge, 419 F.3d 1013, 1014, 1017 (9th Cir. 2005)(petitioner entitled to equitable tolling because district court dismissed mixed petition without first giving petitioner choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims, but assumes "ordinary diligence" on the petitioner's part); Spitsyn v. Moore, 345 F.3d 796, 800-02, (9th Cir. 2003)(although in a non-capital case an attorney's negligence usually will not justify equitable tolling, equitable tolling available where the attorney does nothing, is completely unresponsive, and fails to return the petitioner's file until after the statute of limitations had run); Smith v. Ratelle, 323 F.3d 813, 819 (9th Cir. 2003)(petitioner entitled to equitable tolling because district court erroneously dismissed his earlier, timely petition without first giving him an opportunity to file an amended petition as an alternative to dismissal for failure to exhaust state remedies as to all claims); Corjasso v. Ayers, 278 F.3d 874, 877-79 (9th Cir. 2002)(equitable tolling warranted where district court mishandles a petition [dismissal on a technicality and losing the body of the petition] causing it to be untimely); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(equitable tolling available where petitioner turned petition over to prison officials before the statutory deadline but a delay in mailing caused petition to be untimely); Beeler, supra, 128 F.3d at 1289 (equitable tolling available in situation where petitioner's lead counsel withdraws, and replacement counsel needs time to become familiar with

(continued...)

precedent finding circumstances worthy of equitable tolling suggests not only the scarce applicability of the doctrine, but also that the circumstances must truly rise to the occasion of being "extraordinary" and petitioner must be able to demonstrate that filing a timely petition was not possible.

Because petitioner has not shown he is entitled to statutory or equitable tolling, the Court finds that the Petition is untimely and therefore should be dismissed.

## **ORDER**

For the foregoing reasons, Judgment shall be entered dismissing the action with prejudice.

DATED: July 30, 2013

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[7] (...continued) case); Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (equitable tolling available in light of petitioner's possible mental incompetence), cert. denied, 526 U.S. 1060 (1999).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28